George W. Green and Ruth M. Green v. Commissioner.
Green v. Commissioner
Docket No. 53372.
United States Tax Court
T.C. Memo 1956-233; 1956 Tax Ct. Memo LEXIS 61; 15 T.C.M. (CCH) 1220; T.C.M. (RIA) 56233; October 23, 1956
*61 Richard M. Crane, Esq., Majestic Building, Denver, Colo., for the petitioners. Emory L. Langdon, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies in the petitioners' income tax and addition to tax under section 294(d)(2) of the Internal Revenue Code of 1939 as follows: Addition
Fiscal year ended
Deficiency
to tax
April 30, 1949
$3,070.28
April 30, 1950
3,921.28
April 30, 1951
2,024.43
$198.82
Issues raised by the pleadings are the correctness of respondent's action (1) in increasing the taxable income reported by the petitioners for the fiscal year 1949 by the amount of $5,913.52 representing an unidentified credit made to the capital account of George W. Green, (2) in failing to allow a deduction of $10,177.57 for the fiscal year 1950 as a net loss carry-back from the fiscal year 1951, (3) in failing to determine that the petitioners sustained a net loss of $19,721.80 for the fiscal year 1951, (4) in determining that an amount of $14,582.50 reported by petitioners for the fiscal year 1951 as long-term capital gain realized from the sale of tallow constituted *62 ordinary income, and (5) in determining that for the fiscal year 1951 petitioner were liable for an addition to tax under section 294(d)(2) of the Code. At the hearing the petitioners conceded the correctness of the respondent's action involved in Issue No. (1). Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners are husband and wife residing at Westminster, Colorado. They filed joint income tax returns for the years involved herein with the collector for the district of Colorado. During the taxable years here involved and for some time prior thereto, George W. Green, sometimes hereinafter referred to as petitioner, engaged in the meat packing business as a sole proprietor under the name of S. Adams Packing Co. The petitioner has always kept his books on an accrual basis. During some undisclosed year or years petitioner filed claims in undisclosed amounts for an undisclosed type of subsidy payment under a subsidy program the Federal Government had in operation. On September 30, 1950, petitioner received a check for $32,500 from the Reconstruction Finance Corporation with respect to the subsidy claims he had filed. The respondent *63 determined that the foregoing amount constituted taxable income for the fiscal year 1951. In their income tax return for the fiscal year 1951 the petitioners included the amount of the above-mentioned check as income and reported a net income of $11,778.20 for the year. Thereafter the petitioners filed an amended return for the year in which they omitted the amount of the check from income and reported a net loss for the year. On August 30, 1950, National By-Products, Inc., issued its check to Ruth M. Green in the amount of $14,582.50 representing the proceeds from the sale of tallow. In their income tax return for the fiscal year 1951 the petitioners reported a long-term capital gain of $14,582.50 as having been realized from the sale of "Tallow held by National By-Product Co. as collateral for loans." The tallow was shown in the return of petitioners as having been acquired in 1947 without cost and as having been sold in August 1950 for $14,582.50. One-half of the latter amount, or $7,291.25, was included as income by petitioners in their return. In determining the deficiency the respondent determined that the $14,582.50 constituted ordinary income and he increased by $7,291.25 *64 the amount of income included by petitioners in their return with respect to the transaction. Opinion With respect to Issues No. (2) and No. (3) the petitioners take the position that the respondent erred in failing to determine that they sustained a loss of $19,721.80 for the fiscal year 1951 and in failing to allow a deduction of $10,177.57 for the fiscal year 1950 as a net loss carry-back from the fiscal year 1951. As we understand their contentions petitioners rest their position with respect to these issues on the ground that the $32,500 received by petitioner George W. Green from the Reconstruction Finance Corporation in September 1950 with respect to subsidy claims that he had filed was not income for the fiscal year 1951, that elimination of the $32,500 from the gross income reported by them in their original return for the fiscal year 1951 would result in a loss for that year of $19,721.80 of which $10,177.57 is deductible for the fiscal year 1950 as a net loss carry-back from the fiscal year 1951. As a result of the foregoing posture of their case an essential part of the burden of petitioners was to establish facts showing that the $32,500 was not income taxable to them *65 for the fiscal year 1951. This they have failed to do. While the record shows that petitioner George W. Green maintained his books on an accrual basis, evidence is lacking as to the time when his right to receive the amount in question arose. In their petition the petitioners alleged that the amount was received in payment of a compromise settlement of subsidy claims. In his answer the respondent admitted that allegation. However, in his opening statement at the hearing, counsel for the petitioners stated that the amount was not in payment of a compromise settlement, was not a refund, was not anything according to the records but "seemed to be a matter of personal agreement between Mr. Green and somebody there in R.F.C." and that if "we have to define it, why, we are at a loss for words." Certain testimony of petitioner George W. Green suggests that the amount was paid to him following lengthy litigation respecting his claims. The respondent determined that the $32,500 constituted taxable income for the fiscal year 1951. In the absence of evidence showing that the amount was properly accruable at any time prior to that fiscal year, we are unable to find that the respondent erred in *66 his determination. Consequently the position of the petitioners respecting an alleged loss for the fiscal year 1951 and a net loss carry-back from that year to the fiscal year 1950 is not sustained. The petitioners contend that the $14,582.50 received by Ruth M. Green in August 1950 from National By-Products, Inc., was in payment for tallow which had been produced by George W. Green in his meat packing business, that thereafter it was held by National By-Products, Inc., that while being so held it was assigned by George W. Green to Ruth M. Green at a time which was more than a year prior to its sale and that accordingly the amount in question represented a long-term gain from the sale of a capital asset. The record is entirely devoid of any evidence respecting the assignment by George W. Green to Ruth M. Green of the tallow in question. In his opening statement at the hearing, counsel for the petitioners stated that he had a copy of the assignment with him there. However, he failed to offer it in evidence and made no explanation of his failure in that respect. For lack of evidence to show error the respondent's determination that the $14,582.50 constituted ordinary income is sustained. *67 The petitioners offered no evidence respecting the issue relating to their liability for the fiscal year 1951 for an addition to tax under section 294(d)(2) of the Code. Accordingly the respondent's determination involved in that issue is sustained. Decision will be entered for the respondent.